**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ANGELA MORGAN,

        Plaintiff,

v.                                                     Case No:  6:18-cv-1342-Orl-78DCI

ADVENTIST HEALTH
SYSTEM/SUNBELT, INC., MEDICAL
SERVICES, INC. and NORTH
AMERICAN CREDIT SERVICES, INC.,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on AdventHealth Orlando's Motion for a Final Summary Judgment on Plaintiff's TCPA Claims (Doc. 132), Motion of Defendants Medical Services, Inc. and North American Credit Services, Inc. for a Final Summary Judgment on Plaintiff's TCPA Claims (Doc. 135), and AdventHealth Orlando's Motion for a Final Summary Judgment Concerning Vicarious Liability (Doc. 168). The Motions have been fully briefed and are ripe for adjudication.

**I.  BACKGROUND**

In or about September 2015, non-party M.R. was treated at Defendant Adventist Health System/Sunbelt, Inc.'s ("**AdventHealth Orlando**") hospital facility. (*See* Doc. 135-1 at 12–17). At that time, M.R. gave AdventHealth Orlando permission to contact her at a phone number ending in 2301 ("the 2301 Number"). (*Id.*). Thereafter, the 2301 Number was reassigned to Plaintiff. (Doc. 131-3 at 2, 4).

Defendant Medical Services, Inc. ("**MSI**") contracts with AdventHealth Orlando to attempt to collect patient payments before they become past due or delinquent. (Doc. 135-1, ¶ 11). If MSI is not successful, AdventHealth Orlando contracts with North American Credit Services, Inc. ("**NACS**") to collect debts on past due accounts. (*Id.* ¶ 17). It is not disputed that MSI placed three calls to the 2301 Number after it was reassigned to Plaintiff, (*id.* ¶ 16; Doc. 162-8 at 41:12–17), and NACS placed one call, (Doc. 135-1, ¶ 18; Doc. 162-8 at 44:3–11). As a result of these calls, Plaintiff filed the instant suit asserting violations of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. § 227.

II.   **LEGAL STANDARD**

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.* "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir. 2007). Stated differently, the moving party discharges its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

However, once the moving party has discharged its burden, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own

affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation omitted). The nonmoving party may not rely solely on "conclusory allegations without specific supporting facts." *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985). Nevertheless, "[i]f there is a conflict between the parties' allegations or evidence, the [nonmoving] party's evidence is presumed to be true and all reasonable inferences must be drawn in the [nonmoving] party's favor." *Allen*, 495 F.3d at 1314.

### III.   DISCUSSION

The Second Amended Complaint (Doc. 34) asserts one count for violation of the TCPA against all Defendants and two counts for vicarious liability under the TCPA against Defendant AdventHealth Orlando. (*See id.* ¶¶ 55–83). To establish a TCPA violation, the plaintiff must prove that the defendant: "(1) made a call using an [automatic telephone dialing system] or using a prerecorded voice; (2) the call was not made for emergency purposes; (3) the call was made without Plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to Plaintiff's cellular telephone service." *Wilcox v. Green Tree Servicing, LLC*, No. 8:14-cv-1681-T-24TGW, 2015 WL 2092671, at *3 (M.D. Fla. May 5, 2015). The parties do not dispute that the calls at issue were not made for emergency purposes or that they were made to a telephone number assigned to Plaintiff without Plaintiff's consent. Rather, Defendants argue that they reasonably relied on the prior express consent given by the former subscriber to the telephone number and that the system used is not an automatic telephone dialing system ("**ATDS**").

3

### A. Reasonable Reliance

Defendants argue that pursuant to *ACA International v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018), a calling party cannot be held liable for a violation of the TCPA if they reasonably relied on the express consent given by the prior holder of a reassigned telephone number. Defendants read *ACA International* too broadly.

In a 2015 declaratory ruling, the Federal Communications Commission ("**FCC**"), as relevant, determined that the term "called party" refers to "the current subscriber" of a telephone number, but that the caller was allowed "one—and only one—liability free, post-reassignment call" to the current subscriber of a reassigned telephone number if it lacked knowledge of the reassignment and had a reasonable basis to believe there was valid consent for the call. *Id.* at 694 (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7999–8000 (2015)). The *ACA International* court set aside the FCC's "interpretation on the ground that the one-call safe harbor is arbitrary and capricious." *Id.* at 705, 706–09.

Importantly, the *ACA International* court did not express any opinion on whether the FCC's reasonable reliance approach was proper. *See Morgan v. Orlando Health, Inc.*, No. 6:17-cv-1972-Orl-41GJK, Doc. 244, at 5. Rather, the court simply held that the one-call safe harbor approach taken in the 2015 declaratory ruling failed to implement a reasonable reliance approach to the extent the FCC intended to take one. *ACA Int'l*, 885 F.3d at 706–08. Furthermore, contrary to Defendants' assertions, the *ACA International* court set aside the FCC's treatment of reassigned numbers as a whole, not just its one-call safe harbor. *Id.* at 708–09. Thus, the *ACA International* court did not adopt a

reasonable reliance test or exception when dealing with reassigned numbers. Accordingly, Defendants' arguments fail, and summary judgment will not be granted on this basis.

### B.     Automatic Telephone Dialing System

Defendants also argue that neither MSI nor NACS used an ATDS[1] to make calls to Plaintiff because the system used by Defendants does not randomly or sequentially generate numbers to be called. Pursuant to the TCPA, an ATDS "means equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1)(A)–(B). There is no dispute that the equipment used by Defendants does not randomly or sequentially generate the numbers to be called, but rather dials from a predetermined list of numbers. Plaintiff argues, however, based on prior FCC interpretations of the statute and the application of basic rules of statutory construction, the system used by MSI and NACS still qualifies as an ATDS.

At the outset, this Court agrees with the majority of the courts in this District that *ACA International*, in invalidating the 2015 FCC definition of an ATDS, also necessarily vacated the prior definitions that the 2015 definition reaffirmed. *See DeNova v. Ocwen Loan Servicing*, No. 8:17-cv-2204-T-23AAS, 2019 WL 4635552, at *2 & n.2 (M.D. Fla. Sept. 24, 2019); *Gonzalez v. Ocwen Loan Servicing, LLC*, No. 5:18-cv-340-Oc-30PRL, 2018 WL 4217065, at *5–6 (M.D. Fla. Sept. 5, 2018); *see also ACA Int'l*, 885 F.3d at 701. Thus, this Court is not bound by the FCC's 2003 and 2008 declaratory rulings.

---

[1] There is no dispute that MSI used a prerecorded voice on one or more phone calls placed to Plaintiff. Accordingly, MSI and AdventHealth Orlando will not be granted summary judgment as to any calls in which a prerecorded voice was used.

Rather this Court looks to the plain language of the statute itself to determine if a system must have the present ability to randomly or sequentially generate telephone numbers to be an ATDS within the meaning of the TCPA. This Court finds that it does. Plaintiff's argument that the clause "using a random or sequential number generator" modifies only the term "produce" and not the word "store" is not consistent with well-accepted principles of statutory interpretation or grammar. Where, as here, "a qualifying phrase follows a comma and the comma follows a list, the qualifying phrase qualifies each item in the list—not the last item only." *DeNova*, 2019 WL 4635552, at *3 (citations omitted). The Court disagrees that such a reading would render the use of the term "store" nonsensical or superfluous. Rather, reading the qualifying phrase to modify only "produce" would be a strained and unnatural reading of the plain language of the statute.

Defendants have presented evidence that the system used by MSI and NACS does not have the present capability to randomly or sequentially generate telephone numbers, (*see* Doc. 131-22 at 2–3), and Plaintiff has not presented any evidence to the contrary. Accordingly, summary judgment is proper on all of Plaintiff's claims based on the use of an ATDS.

C.    **Vicarious Liability**

On October 1, 2019, AdventHealth Orlando filed a second motion for summary judgment regarding its vicarious liability for the acts of MSI and NACS. (*See* Doc. 168). As set forth in the Case Management and Scheduling Order, a "motion for summary judgment and supporting memorandum of law shall be presented in *a single document of not more than twenty-five (25) pages.*" (Doc. 29 at 8 (emphasis added)). AdventHealth Orlando did not seek leave to file a successive motion for summary judgment or to exceed

6

the twenty-five page limit for summary judgment briefing. Accordingly, AdventHealth Orlando's Motion for a Final Summary Judgment Concerning Vicarious Liability will be stricken for failure to comply with Court orders.

## IV. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. AdventHealth Orlando's Motion for a Final Summary Judgment on Plaintiff's TCPA Claims (Doc. 132) is **GRANTED in part**. Summary judgment is granted in favor of AdventHealth Orlando on all claims arising out of the alleged use of an ATDS by MSI or NACS. In all other respects, the motion is **DENIED**.

2. The Motion of Defendants Medical Services, Inc. and North American Credit Services, Inc. for a Final Summary Judgment on Plaintiff's TCPA Claims (Doc. 135) is **GRANTED in part**. Summary judgment is granted in favor of MSI and NACS on all claims arising out of the alleged use of an ATDS by MSI or NACS. In all other respects, the motion is **DENIED**.

3. AdventHealth Orlando's Motion for a Final Summary Judgment Concerning Vicarious Liability (Doc. 168) is **STRICKEN**.

**DONE AND ORDERED** in Orlando, Florida on January 13, 2020.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record